| | |
|---|---|
| Matthew Nagel,<br>individually and on behalf of all others<br>similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>United Food and Commercial Workers,<br>Local 663,<br><br>                Defendant. | Court File No. 18-cv-01053 (WMW/HB)<br><br>**ANSWER TO AMENDED CLASS ACTION COMPLAINT** |

Defendant United Food and Commercial Workers Local 663[1] ("Defendant" or "Local 663") hereby submits this Answer to Plaintiff Matthew Nagel's Amended Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

Local 663 denies each and every factual allegation set forth in the Complaint, except as herein admitted, qualified, or otherwise answered. Defendant further denies any and all allegations that it violated any law or right granted to Plaintiff by law.

## ANSWER

1. As to the allegations set forth in Paragraph 1 of the Complaint, Defendant admits only that it represents, amongst others, employees of Supervalu Cub Foods

---

[1] Effective September 1, 2018, Defendant United Food and Commercial Workers Local 653 formally merged with United Food and Commercial Workers Local 1161, thereby creating a new entity, United Food and Commercial Workers Local 663, which is now the properly identified Defendant in this action.

("Supervalu") and other grocery industry employers in and around the Minneapolis area for purposes of collective bargaining over terms and conditions of employment. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. As to the allegations set forth in Paragraph 2 of the Complaint, Defendant admits only that some of its members have earned a vested right to an early retirement benefit known as "30-and-out" pursuant to the terms of the Trust Agreement established by the Board of Trustees of the Minneapolis Retail Meat Cutters and Food Handlers Pension Fund (the "Pension Fund"), and the Trust Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.[2]

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

---

[2] Paragraph 3 of the Complaint incorporates by reference the June 24, 2018 Declaration of Shawn Moore, which is attached to the Complaint as Exhibit A. To the extent the allegations set forth in Moore's Declaration require a response in this Answer, Defendant denies all of the allegations set forth in Moore's Declaration except as otherwise expressly stated in this Answer.

13. Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Complaint, except that Defendant denies that it conducts "membership elections" for purposes of ratifying tentative collective bargaining agreements.

16. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. As to the allegations set forth in Paragraph 18 of the Complaint, Defendant admits only that it represents, amongst others, employees of the "Grocers" identified in Paragraph 18 of the Complaint for purposes of collective bargaining over terms and conditions of employment. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint and asserts that only proposals judged by the Local 663 President or negotiating committee to be an employer's final offer are submitted to the relevant membership for ratification.

20. As to the allegations set forth in Paragraph 20 (including sub-Paragraphs (a) and (b)) of the Complaint, Defendant admits that the Pension Fund is administered by

the Board of Trustees of the Minneapolis Retail Meat Cutters and Food Handlers Pension Fund pursuant to the Trust Agreement, and the Trust Agreement speaks for itself. Defendant further admits that its collective bargaining agreements speak for themselves. Defendant denies the remaining allegations in Paragraph 20 (including sub-Paragraphs (a) and (b)) of the Complaint.

21. As to the allegations set forth in Paragraph 21 of the Complaint, Defendant admits only that the Pension Fund Trust Agreement and any other "operative documents" speak for themselves. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22. As to the allegations set forth in Paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's intended definition of "eligible employees." Therefore, Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. As to the allegations set forth in Paragraph 23 of the Complaint, Defendant asserts that any "past collective bargaining agreements" speak for themselves, and Defendant further asserts that it lacks knowledge or information sufficient to form a belief regarding Plaintiff's intended definition of "qualifying members." Therefore, Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. As to the allegations set forth in Paragraph 24 of the Complaint, Defendant admits only that on February 1, 2018 it engaged in collective bargaining with the grocery industry employers identified as "the Grocers" in Paragraph 18 of the Complaint. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. As to the allegations set forth in Paragraph 25 of the Complaint, Defendant admits only that on February 1, 2018 it bargained collectively with the grocery industry employers identified as "the Grocers" in Paragraph 18 of the Complaint, and that a bargaining committee of approximately 20 Union members attended those negotiations. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. As to the allegations set forth in Paragraph 29 of the Complaint, Defendant admits that it reached a tentative agreement with Supervalu on March 1, 2018, which speaks for itself. Additionally, Defendant admits that it subsequently posted copies of the flyer attached to the Complaint as Exhibit B in Supervalu grocery stores. Defendant denies the remaining allegations in Paragraph 29.

30. As to the allegations set forth in Paragraph 30 of the Complaint, Defendant admits only that both before and during 2018, it has communicated with its members about the status of collective bargaining negotiations as regularly as practical. Defendant denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. As to the allegations set forth in Paragraph 32 of the Complaint, Defendant admits only that it communicated with its members after it reached tentative agreements in March 2018 with the Grocers identified in Paragraph 18 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the contents of the

unspecified "communique" to which Paragraph 32 refers. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33. As to the allegations set forth in Paragraph 33 (including sub-Paragraphs (a) and (b)) of the Complaint, Defendant admits that it posted copies of the flyer attached to the Complaint as Exhibit B, which speaks for itself, in Supervalu grocery stores after reaching a tentative agreement with Supervalu on March 1, 2018. Defendant denies the remaining allegations in Paragraph 33 (including sub-Paragraphs (a) and (b)).

34. As to the allegations set forth in Paragraph 34 (including sub-Paragraphs (a) and (b)) of the Complaint, Defendant admits only that it provided its members with documents that described the terms of the tentative agreements reached with grocery industry employers in March 2018. Defendant lacks knowledge or information sufficient to form a belief about the contents of the unspecified "summary" document to which Paragraph 34(a) and 34(b) specifically refer. Therefore, Defendant denies the remaining allegations set forth in Paragraph 34 (including sub-Paragraphs (a) and (b)) of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. As to the allegations set forth in Paragraph 38 of the Complaint, Defendant admits only that it has stated in this litigation that "[f]or eligible employees, 30-and-out was a highly valued, important benefit." Defendant denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39. As to the allegations set forth in Paragraph 39 of the Complaint, Defendant admits only that it held a meeting on March 4, 2018 from approximately 8:00 a.m. to 4:00 p.m. for the purpose of conducting contract ratification votes. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. As to the allegations set forth in Paragraph 40 of the Complaint, Defendant admits only that Union representatives met with bargaining committee members prior to the contract ratification meeting. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. As to the allegations set forth at Paragraph 41 of the Complaint, Defendant admits only that at the March 4, 2018 ratification meeting the Union provided documents to members that outlined "highlights" of the tentative agreements. Defendant asserts that the document attached to the Complaint as Exhibit C speaks for itself and denies that the document attached to the Complaint as Exhibit C was the only document provided to members at the March 4, 2018 ratification meeting. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42. As to the allegations set forth at Paragraph 42 of the Complaint, Defendant admits only that union pension benefits experts attended the March 4, 2018 contract ratification meeting at the request of the Union for the purpose of providing accurate and truthful information to members about their pension benefits. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. As to the allegations set forth in Paragraph 50 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the "level of opposition" to unspecified "past ratification votes on collective bargaining agreements with the Grocers." Therefore, Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. As to the allegations set forth in Paragraph 51 of the Complaint, Defendant admits only that Union President Matt Utecht spoke with bargaining committee members following the March 4, 2018 ratification meeting. Defendant denies the remaining allegations set forth in Paragraph 51.

52. As to the allegations set forth at Paragraph 52 (including sub-Paragraphs (a) and (b)) of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about their truth or falsity. Therefore, Defendant denies the allegations set forth in Paragraph 52 (including sub-Paragraphs (a) and (b)).

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. As to the allegations set forth at Paragraph 54 of the Complaint, Defendant states that the March 16, 2018 letter referred to in Paragraph 54 speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint sets forth Plaintiff's description of relief sought and therefore does not require any admission or denial. To the extent Paragraph 58 contains factual assertions warranting a response, Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. As to the allegations set forth at Paragraph 59 of the Complaint, Defendant admits that Plaintiff is a full-time employee of Supervalu Cub Foods in Lakeville, Minnesota, and he is a member of Local 663. Defendant further admits that Plaintiff's terms and conditions of employment are governed by a collective bargaining agreement between Local 663 and Supervalu. Defendant denies the remaining allegations set forth in Paragraph 59 of the Complaint.

60. As to the allegations set forth in Paragraph 60 of the Complaint, Defendant admits only that Plaintiff began working for Supervalu in or about 1989. Further, Defendant asserts that any "projections from the Pension Fund" referred to in Paragraph 60 speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint sets forth a legal conclusion that requires no response; however, to the extent Paragraph 65 contains factual assertions, Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 66 contains factual assertions, Defendant denies the allegations set forth in Paragraph 66 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

67. Paragraph 67 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 67 contains factual assertions, Defendant denies the allegations set forth in Paragraph 67 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

68. Paragraph 68 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 68 contains factual assertions, Defendant denies the allegations set forth in Paragraph 68 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

69. Paragraph 69 (including sub-Paragraphs (a) through (d)) of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 69 (including sub-Paragraphs (a) through (d)) contains factual assertions, Defendant denies the allegations set forth in Paragraph 69 (including sub-Paragraphs (a) through (d)) of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

70. Paragraph 70 of the Complaint sets forth legal conclusions that require no

response; however, to the extent Paragraph 70 contains factual assertions, Defendant denies the allegations set forth in Paragraph 70 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

71. Paragraph 71 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 71 contains factual assertions, Defendant denies the allegations set forth in Paragraph 71 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

72. Paragraph 72 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 72 contains factual assertions, Defendant denies the allegations set forth in Paragraph 72 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

73. Paragraph 73 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 73 contains factual assertions, Defendant denies the allegations set forth in Paragraph 73 of the Complaint and specifically denies the propriety of class treatment to Plaintiff's Complaint.

74. Paragraph 74 of the Complaint is an incorporation paragraph that requires no response.

75. Paragraph 75 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 75 contains factual assertions, Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth at Paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth at Paragraph 77 of the Complaint,

and further states that the Court has dismissed Plaintiff's claim that Defendant engaged in "arbitrary conduct" in breach of the duty of fair representation.

78. Defendant denies the allegations set forth at Paragraph 78 of the Complaint, and further states that the Court has dismissed Plaintiff's claim that Defendant engaged in "discriminatory conduct" in breach of the duty of fair representation.

79. Defendant denies the allegations set forth at Paragraph 79 (including sub-Paragraphs (a) through (d)) of the Complaint and asserts that it has, at all times relevant to this matter, acted in good faith and consistent with its legal obligations to its members.

80. Defendant denies the allegations set forth at Paragraph 80 of the Complaint.

81. Defendant denies the allegations set forth at Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint sets forth legal conclusions that require no response; however, to the extent Paragraph 82 contains factual assertions, Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint is an incorporation paragraph that requires no response.

84. Paragraph 84 of the Complaint sets forth legal conclusions that require no response. Furthermore, the Court has dismissed Plaintiff's Second Cause of Action.

85. Defendant denies the allegations set forth at Paragraph 85 of the Complaint, and further states that the Court has dismissed Plaintiff's Second Cause of Action.

86. Defendant denies the allegations set forth at Paragraph 86 of the Complaint, and further states that the Court has dismissed Plaintiff's Second Cause of Action.

87. Defendant denies the allegations set forth at Paragraph 87 of the Complaint,

and further states that the Court has dismissed Plaintiff's Second Cause of Action.

88. Defendant denies the allegations set forth at Paragraph 88 of the Complaint, and further states that the Court has dismissed Plaintiff's Second Cause of Action.

89. Defendant denies the allegations set forth at Paragraph 89 of the Complaint, and further states that the Court has dismissed Plaintiff's Second Cause of Action.

90. Defendant denies the allegations set forth at Paragraph 90 of the Complaint, and further states that the Court has dismissed Plaintiff's Second Cause of Action.

91. Defendant denies the allegations set forth at Paragraph 91 of the Complaint, and further states that the Court has dismissed Plaintiff's Second Cause of Action.

92. Paragraph 92 of the Complaint sets forth legal conclusions that require no response. Furthermore, the Court has dismissed Plaintiff's Second Cause of Action.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses, Defendant asserts that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

2. All or part of Plaintiff's claims against Defendant are barred by the relevant statute of limitations;

3. Plaintiff has failed to mitigate any damages claimed in his Complaint;

4. Plaintiff's claims against Defendant are barred by the equitable doctrines of unclean hands, estoppel, laches, assumption of risk, res judicata, and/or waiver;

5. Plaintiff has failed to exhaust his contractual remedies and/or failed to satisfy a condition precedent to filing this lawsuit against Defendant;

6. By definition, Plaintiff and the putative class have no vested right to the "30-and-out" early retirement benefit referenced in Plaintiff's Complaint for which they now seek compensation;

7. Defendant has at all times acted in good faith and consistent with its legal obligations toward Plaintiff and the putative class;

8. Any injuries or damages alleged in Plaintiff's Complaint were not caused by Defendant;

9. Some or all of Plaintiff's requested remedy is precluded by contract, law, and/or statute;

10. Plaintiff seeks to recover damages that are purely speculative in nature and incapable of measurement, and therefore barred by contract, law, and/or statute;

11. Plaintiff has failed to join one or more parties necessary to injunctive or equitable relief, including but not limited to the "Grocers" identified in Paragraph 18 of the Complaint;

12. Plaintiff lacks standing to bring his claims on behalf of Local 663 members who are employees of employers other than Supervalu;

13. Defendant opposes class certification and disputes the propriety of class treatment to Plaintiff's Complaint. If the Court certifies a class over Defendant's opposition, then Defendant asserts the affirmative defenses set forth herein against each and every member of any certified class; and

14. Defendant intends to rely on any other affirmative defense that may become available or apparent during the course of discovery, and accordingly reserves its right to

amend this Answer to assert such affirmative defenses.

**WHEREFORE**, Defendant respectfully requests that the Court issue an order dismissing Plaintiff's entire Complaint with prejudice and awarding Defendant its reasonable costs, disbursements, and attorney fees.

Dated: March 18, 2019

s/Timothy J. Louris
Timothy J. Louris (# 391244)
Emily L. Marshall (# 396594)
**Miller O'Brien Jensen, P.A.**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2400
Minneapolis, MN 55402
PHONE: (612) 333-5831
FAX: (612) 342-2613
tlouris@mojlaw.com
emarshall@mojlaw.com

*ATTORNEYS FOR DEFENDANT*
*UFCW LOCAL 663*