# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Nagel, on behalf of himself and all others similarly situated, | Case No. 18-cv-1053 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| United Food and Commercial Workers Union, Local 653, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motions Regarding Continuing Sealing (Dkts. 132, 152, and 153) pursuant to Local Rule 5.6(d) concerning documents filed under seal (Dkts. 124, 125, 125-1 through 125-40,[1] 135, 137, 137-1 through 137-53, 140, 140-1, 141, 141-1 through 141-9, 144, 144-1 through 144-5, 146, 146-1, 146-2, 148, 150, and 150-1 through 150-6).

The parties agree that Docket Entries 125-2, 125-4, 125-5, 125-13, 125-26, 125-27, 125-29, 125-33, 125-38, 137-49, 150, 150-1, 150-2, 150-3, 150-4, 150-5, and 150-6 should be unsealed.

With respect to Docket Entries 124, 125, 125-1, 125-3, 125-6, 125-7, 125-8, 125-9, 125-10, 125-11, 125-12, 125-14, 125-15, 125-16, 125-17, 125-18, 125-19, 125-20, 125-21, 125-22, 125-23, 125-24, 125-25, 125-28, 125-30, 125-31, 125-32, 125-34, 125-

---

[1] The Motion incorrectly identifies Docket Entries 125-6 through 125-40 as 126-6 through 126-40.

35, 125-36, 125-37, 125-39, 125-40, 135, 137, 137-2 through 137-31, 137-33 through 137-48, 137-50, 137-51, 137-52, 137-53, 140, 140-1, 141, 141-1 through 141-9, 144, 144-1 through 144-5, 146, 146-1, 146-2, and 148, the parties agree that the documents should remain under seal as the documents contain confidential financial information produced by nonparties, information that this Court has previously concluded (Dkt. 73) is confidential and sensitive information relating to Defendant's collective bargaining strategies and proposal formulation, or personal and confidential information of union members.  Based on these representations, the parties' agreement, and the Court's review of the documents, the Court concludes that the need to maintain the information in these Docket Entries under seal outweighs the public's right of access.  *See* D. Minn. LR 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

The parties disagree with respect to the continued sealing of Docket Entries 137-1 and 137-32.

The fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District.  *See Micks v. Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019).  American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal

absent the most compelling reasons.") (citation omitted); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp.*, 709 F.3d at 1222 (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT Corp.*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3. The presumptive right of access is further heightened in class action suits where members of the public are involved. *In re McCormick & Co., Pepper Prod. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 462 (D.D.C. 2018).

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to

3

Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT Corp.*, *supra*, by requiring this Court to balance the interests of Defendant in maintaining the confidentiality of the documents at issue with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980). *See Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* (citation omitted). The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test. *Id.*

With respect to Docket Entry 137-1, Plaintiff contends that these audio recordings should be unsealed because they were not designated as confidential under the protective order, two other membership meeting audio files have been filed publicly, and Defendant has no expectation of confidentiality of meetings that were open to union members generally. (Dkt. 153 at 3-4.) Defendant takes the position that the audio recordings of union membership meetings are confidential for the same reason that other documents have been filed under seal in this case: because they contain information about confidential internal union matters, including collective bargaining strategies, organizing campaigns, internal union governance issues, etc. (*Id.*)

In light of the fact that these recordings were not designated as confidential under the Protective Order, the fact that Defendant does not dispute that two other membership meeting audio files have been filed publicly, the fact that the meeting was open to union members generally, and the fact that the document was filed in conjunction with a motion for class certification, the Court finds that Defendant has failed to provide compelling reasons to overcome the presumption that the recordings should be in the public record. As such, Docket Entry 137-1 shall be unsealed in accordance with Local Rule 5.6.

As to Docket Entry 137-32, Plaintiff argues that, consistent with the grounds stated in this Court's May 6, 2020 Order (Dkt. 108), this document was mailed to all "pension members" and Defendant has no expectation of confidentiality. Defendant contends that the document should remain under seal for the same reason that numerous other documents are filed under seal: because it contains confidential collective bargaining strategy and proposal formulation information. Defendant does not dispute

5

that this letter was disclosed to pension members. Nothing in this February 2, 2018 letter to pension members instructs the recipients to not share the letter or the information contained therein. For these reasons, the Court finds that this letter is not confidential and shall be unsealed in accordance with Local Rule 5.6.

## ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motions Regarding Continuing Sealing (Dkts. 132, 152, and 153) are **GRANTED** as follows:

1. Docket Nos. 125-2, 125-4, 125-5, 125-13, 125-26, 125-27, 125-29, 125-33, 125-38, 137-1, 137-32, 137-49, 150, 150-1, 150-2, 150-3, 150-4, 150-5, and 150-6 will be **UNSEALED** in accordance with the Local Rules.

2. Docket Nos. 124, 125, 125-1, 125-3, 125-6, 125-7, 125-8, 125-9, 125-10, 125-11, 125-12, 125-14, 125-15, 125-16, 125-17, 125-18, 125-19, 125-20, 125-21, 125-22, 125-23, 125-24, 125-25, 125-28, 125-30, 125-31, 125-32, 125-34, 125-35, 125-36, 125-37, 125-39, 125-40, 135, 137, 137-2 through 137-31, 137-33 through 137-48, 137-50, 137-51, 137-52, 137-53, 140, 140-1, 141, 141-1 through 141-9, 144, 144-1 through 144-5, 146, 146-1, 146-2, and 148 will remain **SEALED**.

3. The parties shall file a joint motion regarding continuing sealing with respect to the exhibits listed under Docket Entry 126 on or before **October 30, 2020**.

DATED: October 20, 2020 *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge