UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Nagel, *individually and on behalf of all others similarly situated*, | Case No. 18-cv-1053 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| United Food and Commercial Workers Union, Local 653, | |
| Defendant. | |

Before the Court is Plaintiff Matthew Nagel's motion for class certification. (Dkt. 121.) For the reasons addressed below, Nagel's motion for class certification is denied.

**BACKGROUND**

This dispute arises from a 2018 collective bargaining agreement (CBA) negotiated between Defendant United Food and Commercial Workers, Local 653 (Local 653) and SuperValu Cub Foods and other independent grocers located in the Minneapolis metropolitan area (collectively, Grocers).[1]  Nagel is employed by SuperValu Cub Foods

---

[1] These other grocers are Haug's Cub Foods, Radermacher's, King's County Market, Jubilee Foods, Oxendale's Market, Driskill's Downtown Market, Almsted's Fresh Market, and Festival Foods.

and is a member of Local 653.[2]  Local 653 is the exclusive bargaining agent for all meat and food market employees of the Grocers.

Under previous collective bargaining agreements with the Grocers, certain Local 653 members qualified for a "30-and-out" pension plan, which permitted those members to take full retirement pension benefits after completing 30 years of qualifying employment service.  Both parties acknowledge that the 30-and-out pension plan was a highly valued and important benefit.  Nagel alleges that Local 653 unilaterally conceded the 30-and-out pension benefit and intentionally withheld and suppressed material information from Local 653 members regarding its concession of the benefit.  Had Local 653 members been adequately and meaningfully informed about the "bargaining away" of the 30-and-out benefit, Nagel contends, the members could have opposed the loss of the benefit, rejected the proposed CBA, or demanded that Local 653 negotiate additional considerations for the loss of the benefit.[3]

Nagel brought this action individually and on behalf of all others similarly situated, asserting claims against Local 653 for breach of the duty of fair representation and violation of the Labor-Management Reporting and Disclosure Act (LMRDA).  Local 653 moved to

---

[2]   "The Court accepts the substantive allegations in the plaintiff's complaint as true when determining if the proposed class is acceptable."  *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 285 (D. Minn. 2018).

[3]   SuperValu and Local 653 agreed on March 1, 2018, to a five-year contract.  Local 653 reached separate tentative agreements with the remaining grocers on the following day.  Local 653 held a ratification meeting on March 4, 2018, during which the contract with SuperValu was ratified with 228 votes in favor and 109 votes against.

dismiss Nagel's claims, and the Court concluded that Nagel has sufficiently alleged facts to state a claim for a breach of the duty of fair representation by bad-faith conduct.[4]  The Court also dismissed for lack of subject-matter jurisdiction Nagel's claim for violation of the LMRDA.

Nagel brings the present motion to certify a class of:

> All members of United Food and Commercial Workers Union, Local 653 (the Local) who (1) are bound by March 4, 2018 collective bargaining agreements between the Local and SuperValu, Inc. (dba Cub Foods); Almsted's Fresh Market; Driskill's Downtown Market; Haug Companies; Jubilee Foods-Mound; Knowlan's Supermarkets, Inc; Oxendale's Market; or Shakopee 1997 LLC (dba Radermacher's); and (2) under the terms of the collective bargaining agreements as implemented by the Pension Fund, lost preexisting eligibility for 30-and-out early retirement benefits.

## ANALYSIS

### I.   Standing of the Proposed Class

Local 653 argues that class certification is inappropriate because some class members lack standing.  Federal courts do not require that each member of a class submit evidence of standing, but a class cannot be certified if it contains members who lack standing.  *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010).  The constitutional requirements of standing demand an injury in fact that is fairly traceable to the challenged action of the defendant and is likely to be redressed by a favorable court decision.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009).  A bare

---

[4]   The Court also concluded, however, that Nagel failed to allege sufficient facts to support a claim against Local 693 for breach of the duty of fair representation based on allegations that Local 653's conduct was arbitrary or discriminatory.

3

procedural violation, without any concrete harm, does not satisfy the injury-in-fact requirement of Article III of the United States Constitution. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). But whether only minimal harm is suffered is immaterial because the standing analysis considers the type of harm, not its extent. *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 959 (8th Cir. 2019). "It is crucial . . . not to conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909 (8th Cir. 2016) (internal quotation marks omitted); *see also Campbell v. Minneapolis Pub. Hous. Auth. ex rel. City of Minneapolis*, 168 F.3d 1069, 1074 (8th Cir. 1999) ("We repeat the fundamental principle that the ultimate merits of the case have no bearing on the threshold question of standing.").

Local 653 contends that, because all members of the class do not share a common injury, standing does not exist. Specifically, Local 653 argues that even if the injury is defined as the straightforward loss of the 30-and-out benefit, Nagel's proposed class is overbroad because, according to Nagel's expert, hundreds of individuals within the proposed class did not suffer any concrete injury as a result of losing the 30-and-out benefit. This is because these individuals either would not have attained 30 years of service credit prior to normal retirement age of 62, or they were members of the grandfathered group negotiated by Local 653. According to Local 653, only 448 individuals of the roughly 1,000 members of the proposed class might become eligible for the 30-and-out benefit before reaching full retirement, and of those 448 individuals, 364 of them would not

4

achieve 30 years of service credit until March 2023 or later, which is after the CBA with SuperValu expires.

Although characterized as a dispute about standing, Local 653's argument is a challenge to the merits of the claims of some class members.[5] *Cf. Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 766–67 (8th Cir. 2020) ("[If] it turns out that some members of the class are not entitled to relief, that represents a failure on the merits, not the lack of a justiciable claim." (internal quotation marks omitted)). Whether some plaintiffs can ultimately prove damages pertains to the merits, and the district court may amend the class definition at any time before judgment. *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 377 (8th Cir. 2018); *see Thomas v. Bakery, Confectionery & Tobacco Workers Union Loc. No. 433*, 826 F.2d 755, 760 (8th Cir. 1987) ("That negotiation would have been futile does not negate the Union's liability for bad-faith failure to negotiate; at most it demonstrates that plaintiffs did not suffer any ascertainable harm as a result of the breach of duty. Whether this is so must be determined at the remedies trial on remand."). That some members of the class may not have suffered an injury does not necessarily defeat standing. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1051 (2016) ("[I]t is

---

[5]   Alternatively, Local 653's arguments as to standing may properly pertain to the requirements of Fed. R. Civ. P. 23. *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 366 (3d Cir. 2015) (explaining that it is not clear whether the Eighth Circuit's standing analysis rests on Article III or Rule 23). Indeed, Local 653 argues that the class does not have standing because the class members do not share a common injury. But that argument conflates requirements of commonality, typicality, and predominance under Rule 23, Fed. R. Civ. P., and constitutional standing requirements. Local 653 does not cite to any authority, and the Court's research reveals none, supporting Local 653's contention that the "lack of a common injury to all members of the class is fatal with respect to both Rule 23 *and* the standing required to maintain a class action."

undisputed that hundreds of class members suffered no injury in this case." (Roberts, C.J., concurring)).

For example, despite the presence of a standing issue, the United States Court of Appeals for the Eighth Circuit has upheld class certification when some plaintiffs who had not experienced leakage from a defective plumbing fixture alleged an injury arising from the violation of a Minnesota warranty statute. These plaintiffs had standing based on their product exhibiting the alleged defect, despite not exhibiting any external damage. *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 617 (8th Cir. 2011). And class certification was proper in *Zurn Pex* because there was an alleged injury in fact as to all class members. *Id.* at 616–17.

Here, Nagel alleges that Local 653 breached its duty of fair representation. As a result of the breach, the complaint alleges, Nagel and the other members of the putative class lost the opportunity for full retirement after 30 years' service. As alleged, this claim constitutes an injury in fact that is attributable to Local 653's conduct and redressable by damages. Because the class is defined as members of the bargaining unit that lost preexisting eligibility for 30-and-out benefits, any member would have standing to bring a claim for Local 653's alleged breach of the duty of fair representation. Accordingly, Nagel has presented a justiciable claim.

## II. Class Certification under Rule 23

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotations marks omitted). When seeking class certification, the

plaintiff must establish that the proposed class satisfies the four prerequisites set forth in Rule 23(a) and one of the standards set forth in Rule 23(b). Fed. R. Civ. P. 23; s*ee Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (observing that the plaintiff bears the burden of demonstrating that the requirements of Rule 23 are met and that a class should be certified). Rule 23 does not establish "a mere pleading standard." *Dukes*, 564 U.S. at 350. Instead, a plaintiff seeking class certification must show that the four threshold requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b) are met. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). A district court has broad discretion when deciding whether to certify a class under Rule 23, but a "rigorous analysis" is necessary to ensure that the demands of Rule 23 are satisfied. *Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 942 (D. Minn. 2018) (internal quotations marks omitted). In doing so, the merits of the complaint are considered only to the extent that they are relevant to whether the Rule 23 requirements are met. *Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1037 (8th Cir. 2018).

Class certification is warranted when (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact that are common to the class exist, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

A putative class size of 40 or more will establish numerosity, although smaller classes have been found acceptable. *Hoekman v. Educ. Minn.*, 335 F.R.D. 219, 242 (D. Minn. 2020). Nagel estimates that the class has more than 1,000 members, and Local 653

does not contest that the numerosity requirement has been met.  The Court concludes that the numerosity requirement is satisfied.  *See, e.g.*, *In re Monosodium Glutamate Antitrust Litig.*, 205 F.R.D. 229, 232 (D. Minn. 2001) (finding numerosity requirement met when class included more than 750 members).

The Court next considers whether there are "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The commonality requirement requires that the course of conduct giving rise to a cause of action affect all class members, and that all class members share at least one element of that cause of action.  *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 267 F.R.D. 549, 559 (D. Minn. 2010); *see also Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 572 (D. Minn. 2014) (finding commonality satisfied based on whether fiduciaries of an employment plan breached their duties by causing the plan to select imprudent investment options or pay excessive record-keeping fees).

Local 653 contends that Nagel has not established commonality because all class members did not suffer a common injury.  The court disagrees.  While the *extent* of the injury may vary among the putative members, there is a common question of liability.  That common question is whether Local 653 breached its duty of fair representation by bad-faith conduct.  All class members share this element of the cause of action, which is sufficient to establish commonality under Fed. R. Civ. P. 23(a)(2).

The Court also must determine whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The burden of demonstrating typicality is not onerous, but a party seeking class certification must show that "the representative is not alone in his or her dissatisfaction."  *Paxton v.*

8

*United Nat'l Bank*, 688 F.2d 552, 562 (8th Cir. 1982). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). The fact that "damages calculations might differ slightly" does not mean that a claim is not typical. *Id.*

Local 653 contends that, as a member of the SuperValu Cub Foods bargaining unit, Nagel lacks standing to bring claims against Local 653 for breaching the duty of fair representation owed to members of other bargaining units to which Nagel is not a member. It is undisputed, Local 653 asserts, that Local 653 divided into separate bargaining units when Local 653 determined that the economic disparities between SuperValu Cub Foods (Nagel's employer) and the other independent grocers were impeding negotiations for a multi-employer contract. This division resulted in labor contracts among the independent grocers that contain different wage and benefit terms, expire on different dates, apply to different employers, and were ratified by separate bargaining units of employees.

Nagel counters that an agreement regarding 30-and-out benefits already existed when the Grocers split and began bargaining separately and that Local 653 fails to identify any material differences in its communications strategy or the information provided to members of different bargaining units. But Nagel bears the burden to establish that the requirements for class certification are met. *Coleman*, 40 F.3d at 258. And Nagel's claim is not typical of those of members of the other bargaining units because those claims will depend on a separate and distinct course of conduct, namely, Local 653's conduct in

9

dealing with members of the independent grocers, how that conduct affected each bargaining unit's vote, and what the independent grocers would have been willing to exchange for conceding the 30-and-out benefit. Consequently, Nagel has not established that the typicality requirement is satisfied. The Court is mindful of its discretion to redefine a proposed class so as to allow the class action to proceed. *In re Zurn Pex*, 267 F.R.D. at 558. But the Court declines to do so here because, as addressed below, Nagel also fails to establish that the adequacy requirement is met.

Under the final requirement of Rule 23(a), the Court determines whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry involves two questions: (1) whether the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.[6] *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 286–87 (D. Minn. 2018); *see also Thompson v. Allianz Life Ins. Co. of N. Am.*, 330 F.R.D. 219, 224 (D. Minn. 2019) (observing that a class representative must show that his or her interests are not antagonistic to the interests of the class). Perfect symmetry of interests is not required, and not every discrepancy among the interests of class members renders a putative class action untenable. *Vogt*, 963 F.3d at 767. Rather, an intra-class conflict must be so substantial as to overbalance the common interests of the class members as a whole. *Id.*

---

[6] Local 653 does not challenge the adequacy of Nagel's counsel.

Nagel argues that he is an adequate representative because there is no known conflict of interest between other class members and him and that he shares the same stake in a favorable outcome as other class members do. But Local 653 maintains that a conflict exists between Nagel's interests and some members of the putative class.[7] Nagel describes his motivation for initiating the lawsuit as follows: "I just wanted to get compensation for the benefit that I lost . . . . I just want what was taken away [from] me." In contesting Nagel's adequacy, Local 653 offers declarations of five members of the bargaining unit who were eligible for the 30-and-out benefit. These five members were aware that the terms of the proposed 2018 CBA would eliminate their ability to work toward the 30-and-out benefit, but they voted to ratify the 2018 CBA because they believed it was in their best interests and the best interests of the union members as a whole. Local 653 explains that the pension plan was underfunded and endangered, and several employers proposed withdrawing from the pension plan altogether if the retirement benefits were not altered. These circumstances support the conclusion that an intraclass conflict exists as to the members' interests and positions on concession of the 30-and-out benefit.

Nagel counters that the fact that some members supported ratification of the CBA does not demonstrate intraclass conflict. Moreover, Rule 23(c)(2)(B) provides a remedy by allowing class members to opt out, Nagel contends. The Court is unpersuaded. The

---

[7] Local 653 also contends that Nagel is an inadequate representative because he did not suffer the same injury as other members of the class. This argument is unavailing. Although the extent of the injury may vary, all class members share the same alleged injury, which is breach of the duty of fair representation. *See Paxton*, 688 F.2d at 561 (holding that commonality can be satisfied when plaintiffs share a common injury even if the extent of the injury varies).

11

fact that putative class members may opt out does not necessarily alleviate an intra-class conflict so as to establish, as Nagel must, that the Rule 23 requirements are met. *See, e.g.*, *Hoekman*, 335 F.R.D. at 247 ("[E]ven if the pro-union members of the class do not seek damages, their interests are still harmed by their fellow class members' pursuit of a refund because, if they are successful, it will diminish the union's finances.").

Because the record does not reflect that Nagel will adequately and fairly protect the interests of the class, Nagel has not satisfied the adequacy requirement for class certification under Rule 23(a)(4), Fed. R. Civ. P.

## ORDER

Based on the foregoing analysis and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Matthew Nagel's motion for class certification, (Dkt. 121), is **DENIED**.

Dated: February 2, 2021                                               s/Wilhelmina M. Wright
                                                                                      Wilhelmina M. Wright
                                                                                      United States District Judge