UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Nagel, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>United Food and Commercial Workers Union, Local 653,<br><br>Defendant. | Case No. 18-cv-1053 (WMW/ECW)<br><br><br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motions Regarding Continuing Sealing (Dkts. 221, 227) pursuant to Local Rule 5.6(d) concerning documents filed under seal in connection with the Defendant's Motion for Summary Judgment (Dkt. 189) and Defendant's Motion to Exclude Expert Testimony (Dkt. 203).

The parties agree that Docket Entries 194, 194-6, 195-15, 195-16, 195-19, 195-29, 195-38, 195-58, 195-74, 217-2, 217-4, 217-11, 217-24, 217-25, 217-29, 217-30, 217-33, 217-36, and 217-38 should be unsealed.

With respect to Docket Entries 191, 194-1, 194-3, 194-5, 194-7, 194-8, 195, 195-1, 195-2, 195-3, 195-4, 195-5, 195-6, 195-7, 195-8, 195-9, 195-10, 195-11, 195-12, 195-13, 195-14, 195-17, 195-18, 195-20, 195-21, 195-22, 195-23, 195-24, 195-25, 195-26, 195-27, 195-28, 195-30, 195-31, 195-32, 195-33, 195-35, 195-36, 195-37, 195-39, 195-40, 195-41, 195-42, 195-43, 195-44, 195-45, 195-46, 195-47, 195-48, 195-49, 195-50, 195-51, 195-52, 195-53, 195-54, 195-55, 195-56, 195-57, 195-59, 195-60, 195-61, 195-

62, 195-63, 195-64, 195-65, 195-66, 195-67, 195-68, 195-69, 195-70, 195-71, 195-72, 195-73, 195-75, 195-76, 195-77, 195-78, 195-79, 197, 197-1, 197-2, 197-3, 197-4, 197-5, 197-6, 197-7, 197-8, 197-9, 199, 199-1, 199-2, 199-3, 199-4, 199-5, 201, 201-1, 201-2, 205, 216, 217, 217-1, 217-3, 217-5, 217-6, 217-7, 217-8, 217-9, 217-10, 217-12, 217-13, 217-14, 217-15, 217-16, 217-17, 217-18, 217-19, 217-20, 217-21, 217-22, 217-23, 217-26, 217-27, 217-28, 217-31, 217-32, 217-34, 217-35, 217-37, 217-39, 217-40, 217-41, 217-42, 219, 220, 220-1, 220-2, 220-3, 220-4, 220-5 and 220-6, the parties agree that the documents should remain under seal, as the documents contain information that this Court has previously concluded (Dkt. 73) is confidential and sensitive information relating to Defendant's collective bargaining strategies and proposal formulation, or personal and confidential information of union members and union membership.  In addition, while the parties agree to keep Docket Entries 194-2 and 194-4 sealed, the parties agree that they should be publicly filed with redactions to information relating to defendant's collective bargaining strategies and proposal formulation that has not been widely disseminated.  (*See* Dkt. 221 at 3-4.)

Based on these representations, the parties' agreement, and the Court's review of the documents, the Court concludes that the need to maintain the information in these Docket Entries under seal, except for Docket Entries 195-64 and 195-65, outweighs the public's right of access.  See D. Minn. LR 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).  Docket Entries 195-64 and 195-65 deal with a February 14, 2018 Unfair Labor Practice Charge filed by Mound Jubilee against Union

2

and bargaining demand from their lawyer. There is nothing in these entries that discloses Defendant's collective bargaining strategies and proposal formulation.

The parties disagree with respect to the continued sealing of Docket Entry 195-34.

The fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District. *See Micks v. Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019). American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808,

3

at \*3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.  . . .  The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at \*3.

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive.  But the public does have a qualified right of access to information that is filed with the court.  Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980).  *See Krueger v. Ameriprise Fin., Inc.*, No.

CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at *10-11 (citation omitted). The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test. *Id.* at *11. It is also important to emphasize that "'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless compelling reasons exist. *See Lugosch*, 435 F.3d at 123 (citation omitted); *see also Krueger*, 2014

5

WL 12597948, at *8-9 (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted).

With respect to Docket Entry 195-34, Defendant takes the position that under this Court's January 2, 2020 Order (Dkt. 73), this document contains confidential and sensitive information relating to defendant's collective bargaining strategies and proposal formulation. (Dkt. 221 at 13.) Plaintiffs take the position that this is a non-confidential communication between Defendant and a nonparty to this lawsuit, and therefore, Defendant has no reasonable expectation of confidentiality. (*Id.*)

Docket Entry 195-34 is a draft communication that was presumably going to be sent out to a large number of union members for the purposes of obtaining volunteers to serve on a negotiation committee. It is unclear as to whether the final communication was materially changed and the Court notes that it contains no admonition that its contents remain confidential. Based on this, and on the fact that the document is relied on by Defendant for the purposes of summary judgment, the Court finds that Defendant has not met its burden to show why Docket Entry 195-34 should continue to be sealed.

# ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motions Regarding Continuing Sealing (Dkts. 221, 227) are **GRANTED** in part and **DENIED** in part as follows:

1. Docket Nos. 194, 194-6, 195-15, 195-16, 195-19, 195-29, 195-34, 195-38, 195-58, 195-64, 195-65, 195-74, 217-2, 217-4, 217-11, 217-24, 217-25, 217-29, 217-30, 217-33, 217-36, and 217-38 will be **UNSEALED** in accordance with the Local Rules.

2. Docket Nos. 191, 194-1, 192-2, 194-3, 194-4, 194-5, 194-7, 194-8, 195, 195-1, 195-2, 195-3, 195-4, 195-5, 195-6, 195-7, 195-8, 195-9, 195-10, 195-11, 195-12, 195-13, 195-14, 195-17, 195-18, 195-20, 195-21, 195-22, 195-23, 195-24, 195-25, 195-26, 195-27, 195-28, 195-30, 195-31, 195-32, 195-33, 195-35, 195-36, 195-37, 195-39, 195-40, 195-41, 195-42, 195-43, 195-44, 195-45, 195-46, 195-47, 195-48, 195-49, 195-50, 195-51, 195-52, 195-53, 195-54, 195-55, 195-56, 195-57, 195-59, 195-60, 195-61, 195-62, 195-63, 195-66, 195-67, 195-68, 195-69, 195-70, 195-71, 195-72, 195-73, 195-75, 195-76, 195-77, 195-78, 195-79, 197, 197-1, 197-2, 197-3, 197-4, 197-5, 197-6, 197-7, 197-8, 197-9, 199, 199-1, 199-2, 199-3, 199-4, 199-5, 201, 201-1, 201-2, 205, 216, 217, 217-1, 217-3, 217-5, 217-6, 217-7, 217-8, 217-9, 217-10, 217-12, 217-13, 217-14, 217-15, 217-16, 217-17, 217-18, 217-19, 217-20, 217-21, 217-22, 217-23, 217-26, 217-27, 217-28, 217-31,

217-32, 217-34, 217-35, 217-37, 217-39, 217-40, 217-41, 217-42, 219, 220, 220-1, 220-2, 220-3, 220-4, 220-5 and 220-6 will remain **SEALED**.

3. The parties shall publicly file redacted versions of Docket Entries 194-2 and 194-4 consistent with the representations in their joint motion within fourteen (14) days of this Order.

DATED: July 19, 2020                                    *s/Elizabeth Cowan Wright*
                                                         ELIZABETH COWAN WRIGHT
                                                         United States Magistrate Judge