UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Nagel, Jessica Becklund, Sharon Brown, Pat Darling, Dean Dugan, Matthew Giesler, Steven Giesler, Robert Haas, Jonathan Hamel, Lance Hanson, Eric Hazelbaker, Dawn Herzuck, Mark Hoffman, Anthony Jensen, John Legierski, Carl Lundberg, Martin Manley, Nicolas McBride, Judy McDowell, Shawn Moore, Daniel Morris, Bruce Olson, Mark Oslos, Luwana Meyer Pohl, Gregory Ponting, Dan Quant, Don Renfrow, Annette Ries, Donna Rohling, Paul Rowe, Becky Syverson, and Patrick VanHoutan,<br><br>Plaintiffs,<br><br>v.<br><br>United Food and Commercial Workers Union, Local 653,<br><br>Defendant. | Case No. 18-cv-1053 (WMW/ECW)<br><br><br><br>**ORDER** |

In this action arising from a dispute between a union and its members, Defendant United Food and Commercial Workers Union, Local 653 (Local 653), moves for summary judgment against Plaintiff Matthew Nagel and thirty-one Intervenor Plaintiffs (collectively, Plaintiffs). (Dkt. 189.) Local 653 also moves to exclude the expert testimony of Plaintiffs' proposed experts, J. Dennis O'Brien and David Jones. (Dkt. 203.) For the reasons addressed below, the Court grants Defendant's motion for summary judgment and denies as moot Local 653's motion to exclude expert testimony.

## BACKGROUND

This dispute arises from a March 4, 2018 collective bargaining agreement (CBA) negotiated between Local 653 and SuperValu Cub Foods and other independent grocers (collectively, Grocers). Under the CBA, a subset of employees of the Grocers lost the opportunity to receive a valued pension benefit plan. Plaintiffs consist of several Local 653 union members who were on track to receive the pension benefit plan at issue. Local 653 serves as the sole and exclusive bargaining agent for meat and food market employees of the Grocers.

Under the previous collective bargaining agreement, employees of the Grocers with 30 years of qualifying employment were entitled to retire with full pension benefits. Plaintiffs allege that Local 653 unilaterally conceded the "30-and-out" pension benefit while negotiating the CBA. After negotiations, Local 653 sent the proposed CBA to a committee that included Local 653 union members for a vote of confidence. The committee approved the proposed CBA without the "30-and-out" benefit, with only one vote against it.

Local 653 scheduled the ratification vote on the proposed CBA to take place at the March 4, 2018 membership meeting. Plaintiffs allege that Local 653 failed to provide its members with accurate and complete information pertaining to the proposed CBA. Prior to the ratification vote, Local 653 prepared materials about the proposed CBA. Plaintiffs allege that none of these informational materials addressed the loss of the "30-and-out" benefit. And some of the informational materials incorrectly stated that the committee's vote of confidence in favor of the proposed CBA was unanimous.

Local 653 staffed a table with individuals who were available to answer questions about the proposed CBA during the ratification vote. Local 653 representatives informed some Local 653 members that the proposed CBA eliminated the "30-and-out" benefit. But Plaintiffs allege that Local 653 representatives disclosed this information only when asked directly. Plaintiffs also contend that Local 653 representatives ushered union members into a different room when disclosing this information. The union members ultimately ratified the CBA.

Nagel commenced this action on April 19, 2018, and subsequently filed an amended complaint. The amended complaint asserts that Local 653 breached its duty of fair representation and violated the Labor-Management Reporting and Disclosure Act. This Court granted in part Local 653's motion to dismiss the amended complaint. Nagel's sole remaining claim asserts breach of the duty of fair representation by bad-faith conduct. In May 2021, the parties stipulated to the intervention of 31 individuals alleging the same claim against Local 653 as Nagel. Local 653 now moves for summary judgment and to exclude expert testimony.

## ANALYSIS

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat a motion for summary judgment, the opposing party must cite with particularity those aspects of the record that support any assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

The National Labor Relations Act imposes a duty on certified unions to fairly represent their members during collective bargaining. *See Vaca v. Sipes*, 386 U.S. 171, 177–78 (1967) (interpreting sections 7 and 8 of the National Labor Relations Act). A union breaches this duty "only when [its] conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. In an action alleging a breach of the union's duty of fair representation, "plaintiffs have a substantial burden to survive a motion for summary judgment." *Thompson v. United Transp. Union*, 588 F.3d 568, 572 (8th Cir. 2009) (internal quotation marks omitted).

To establish a breach of the duty of fair representation based on a union's bad faith, a plaintiff must prove that (1) the union acted in bad faith; and (2) but for the bad-faith conduct, the plaintiff would not have been injured. *Anderson v. United Paperworkers Int'l Union*, 641 F.2d 574, 579–80 (1981).

Because the failure to establish causation is dispositive, the Court does not address whether the union acted in bad faith. Evidence of causation must be more than "mere speculation." *Id.* at 580. Establishing causation in a CBA ratification action requires a finding that, but for the union's misconduct, the union's members would have

voted against the proposed CBA and the employer would have accepted a revised CBA without the disputed provision. *Id.* at 579.

The parties dispute what evidence is required to establish that union members would not have ratified a proposed CBA in the absence of union misconduct. Although there does not appear to be any binding authority from the United States Court of Appeals for the Eighth Circuit addressing this precise issue, persuasive authority from the United States Court of Appeals for the Second Circuit is instructive. In *Sim v. New York Mailers' Union No. 6*, the Second Circuit held that the plaintiffs had failed to provide sufficient evidence of causation to defeat summary judgment because "the most plaintiffs have shown is that two members may have changed their votes." 166 F.3d 465, 472–73 (2d Cir. 1999). Here, in support of their arguments on causation, Plaintiffs rely on an unpublished decision from the United States District Court for the Southern District of New York in which the plaintiffs similarly had not provided evidence that a sufficient number of union members would have changed their vote so as to change the overall outcome. *Pruter v. Loc. 210, Int'l Brotherhood of Teamsters*, No. 15 Civ. 1153 (AT), 2020 WL 777333, at *8 (S.D.N.Y. Feb. 18, 2020). But in *Pruter*, the court denied summary judgment because the court concluded that, because plaintiffs had provided evidence that the benefit was "a critical voting issue for a large bloc" of union members, a reasonable jury could find that a majority of union members might have voted against ratification but for the misrepresentation of the union. *Id.*

Here, Plaintiffs have produced evidence that two Local 653 members who voted for the CBA would have voted against it had they known that it eliminated the "30-and-

5

out" benefit. Seven Plaintiffs who did not vote attest that they would have voted against ratification had they known that the CBA eliminated the "30-and-out" benefit. And multiple Plaintiffs attest that they believe other non-voting colleagues would have voted against the CBA if they had known the CBA eliminated the "30-and-out" benefit, but Plaintiffs have not provided testimony from any of these other members.

In summary, Plaintiffs have provided evidence that only two Local 653 members would have changed their vote and seven additional Local 653 members would have voted against the CBA. Plaintiffs' evidence as to other voting members is both vague and speculative, and Plaintiff's evidence also fails to establish that the "30-and-out" benefit was a critical voting issue for a large portion of the voting members. Because the CBA was ratified by a margin of 119 votes, Plaintiffs have not provided evidence from which a jury reasonably could find that the CBA would not have been ratified but-for the union's misconduct. On this record, Plaintiffs cannot establish causation.

Accordingly, Local 653's motion for summary judgment is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant United Food and Commercial Workers Union, Local 653's motion for summary judgment, (Dkt. 189), is **GRANTED**.

2. Defendant United Food and Commercial Workers Union, Local 653's motion to exclude expert testimony, (Dkt. 203), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 18, 2022                               s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge