UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Nagel et al., | Case No. 18-cv-1053 (WMW/ECW) |
| Plaintiffs, | **ORDER** |
| v. | |
| United Food and Commercial Workers Union, Local 653, | |
| Defendant. | |

Before the Court is Plaintiffs' motion for review of the Clerk of Court's March 25, 2022 cost judgment. (Dkt. 252.) For the reasons addressed below, the Court denies the motion.

## BACKGROUND

This dispute arises from a March 4, 2018 collective bargaining agreement (CBA) negotiated between Defendant United Food and Commercial Workers Union, Local 653 (Local 653) and SuperValu Cub Foods and other independent grocers (collectively, Grocers). Under the CBA, a subset of employees of the Grocers lost the opportunity to receive a valued pension benefit plan. Plaintiffs consist of several Local 653 union members who were on track to receive the pension benefit plan at issue. Local 653 serves as the sole and exclusive bargaining agent for meat and food market employees of the Grocers.

Plaintiff Matthew Nagel commenced this action on April 19, 2018. The operative complaint alleged that Local 653 breached its duty of fair representation and violated the

Labor-Management Reporting and Disclosure Act. The Court granted in part Local 653's motion to dismiss the amended complaint in March 2019. Nagel's sole remaining claim asserted breach of the duty of fair representation by bad-faith conduct. In May 2021, the parties stipulated to the intervention of 31 individuals alleging the same claim against Local 653 as Nagel. The Court granted summary judgment to Local 653 on Plaintiffs' remaining claim on January 18, 2022. On March 25, 2022, the Clerk of Court entered a cost judgment in favor of Local 653. Plaintiffs now move for review of the taxation of costs.

## ANALYSIS

Plaintiffs seek review of the $8,064.25 that Local 653 claimed, and the Clerk of Court allowed, for transcript fees. Those costs represent transcripts for 13 depositions. The prevailing party in a federal civil action is entitled to costs, except in cases in which either a federal rule, statute, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). "A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The losing party bears the burden to establish that an award of costs is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

A judge or clerk of court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "But before awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case." *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431 (8th Cir. 2017) (internal quotation

2

marks and alterations omitted). "The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal quotation marks and alteration omitted). The "underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Id.* (internal quotation marks omitted). "The most direct evidence of necessity is the actual use of a transcript in a court proceeding," but the costs of a transcript not used in a court proceeding "may still be taxable when the deposition appeared reasonably necessary to the parties at the time it was taken." *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994).

Plaintiffs do not object to the transcript fees for the depositions Local 653 took of Plaintiffs Shawn Moore and Matthew Nagel, nor do Plaintiffs object to the transcript fees for the depositions Plaintiffs took of non-parties Tracy McDonald and Keith Rodewald.

Plaintiffs first argue that Local 653 is not entitled to transcript fees for the six depositions Plaintiffs took of Local 653's agents or employees: Amber Allen, David Blitzstein, Paul Crandall, Jessica Hayssen, Matthew Utecht, and Rena Wong. Plaintiffs contend that Local 653 received a free copy of these transcripts because Local 653 asserted its right to have its witnesses read and sign the deposition transcript. But Plaintiffs provide no support for their contention that Local 653 received free copies of these transcripts as a result of its assertion of its right to read and sign. And Local 653 provides invoices for each of the disputed transcripts, which suggests that Local 653 was required to pay for a copy of each transcript.

Plaintiffs also contend that Local 653 received complete copies of these transcripts from Plaintiffs during class-certification proceedings. But, as Local 653 observes, a court determines whether a transcript was necessary based on the facts known at the time of the deposition. *See Zotos*, 121 F.3d at 363. The depositions at issue were taken in December 2019 and January 2020. Each invoice that Local 653 submitted is dated a few weeks after the deposition to which it relates. Class-certification proceedings did not begin until June 2020. The prospect of receiving a complete copy of the transcript during motion practice was not known when Plaintiffs took the depositions of Local 653's agents and employees. And Plaintiffs offer no support for their argument that these transcripts were not necessarily obtained for use in litigation. "The most direct evidence of necessity is the actual use of a transcript in a court proceeding." *Ryther*, 864 F. Supp. at 1534. Here, the parties listed these deponents as individuals likely to have discoverable information relevant to the parties' claims and defenses, which supports a finding that these depositions were necessary when they were taken. And the parties submitted and relied on transcripts of these depositions to address Local 653's motion for summary judgment. On this record, Plaintiffs have not demonstrated that the depositions of Local 653's agents or employees were not necessary at the time they were taken, nor have Plaintiffs established that taxing costs for the deposition transcripts is inequitable under the circumstances. The Clerk of Court properly taxed the transcript fees associated with the deposition transcripts of Local 653's employees and agents.

The Court also should reverse taxation of the transcript fees for Gabriella Riccio, Plaintiffs argue, because neither party filed her deposition transcript with the Court. As

addressed above, a court determines whether a deposition is necessarily obtained based on the facts known at the time of deposition. *See Zotos*, 121 F.3d at 363. And although the most direct evidence of necessity is use in a court proceeding, an unused transcript "may still be taxable when the deposition appeared reasonably necessary to the parties at the time it was taken. *Ryther*, 864 F. Supp. at 1534. Here, in their initial disclosures, both Plaintiffs and Local 653 listed Riccio, a member of the bargaining committee that negotiated the 2018 CBA, as a person who might have discoverable information supporting Plaintiffs' claims and Local 653's defenses. Plaintiffs assert only that, although Riccio's "testimony may have been relevant, there is no indication that her testimony was 'necessarily obtained for use in the case,' and at best the deposition was 'investigatory in nature.'" Plaintiffs do not explain why Riccio's deposition, which Plaintiffs took, was relevant but not necessary. Because Plaintiffs have not met their burden to prove that taxation of the cost of Riccio's deposition transcript was inequitable given the circumstances, the Clerk of Court properly taxed the cost of Riccio's deposition transcript.

Plaintiffs also maintain that the Court should reverse the taxation of costs for the deposition transcripts of Amber Allen, Paul Crandall, Rob Kurak, and Gary Munns because Local 653 did not submit these deposition transcripts in support of its motion for summary judgment. As addressed above, the most direct evidence of necessity is use in a court proceeding. *See id.* In light of their use in the summary judgment proceedings, these depositions and resulting transcripts were reasonably necessary regardless of which party submitted the transcripts to the Court. Plaintiffs also contend that it is inequitable

5

for the Court to tax these transcripts as costs because Plaintiffs provided complete copies of these transcripts as part of its opposition to summary judgment. But necessity is determined at the time the deposition was taken, *see Zotos*, 121 F.3d at 363, and Plaintiffs offer no evidence in support of their contention that the transcripts were unnecessary simply because they may not have been necessary later in the litigation. Plaintiffs have not met their burden of demonstrating that taxing these deposition transcript fees as costs is unequitable under the circumstances.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion to review costs, (Dkt. 252), is **DENIED**.

Dated: July 18, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge